## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARIA CORREA GARCIA, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 1:25-cv-7864 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| KRISTI NOEM, in her official capacity as | ) |
| Secretary of Homeland Security, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiffs, Maria Correa Garcia ("Maria") and Paulo Reyes Mondragon ("Paulo")(together, "Plaintiffs"), bring the present Petition for Writ of Mandamus, Declaratory Judgment, and Other Relief ("Petition"), against Defendants Kristi Noem, Secretary, Department of Homeland Security ("DHS"), and Kika Scott, Senior Official Performing Duties as Director, U.S. Citizenship and Immigration Services ("USCIS"), in their official capacities (together, "Defendants"), under the Administrative Procedure Act, 5 U.S.C. § 706(1), and the Mandamus Act, 28 U.S.C. § 1361. Plaintiffs move the Court to direct DHS and USCIS to place them on the waiting list in relation to their Form I-918 Petitions for U Nonimmigrant Status ("U-Visa") or to conduct *bona fide* determinations and issue work authorizations. Before the Court is Defendants' Motion to Dismiss Plaintiffs' Petition ("Motion") pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court grants Defendants' Motion to Dismiss [13].

### BACKGROUND

#### A. Statutory and Regulatory Background

In 2000, Congress created the U-Visa for noncitizen victims of qualifying crimes who cooperate with law enforcement investigations of those crimes. 8 U.S.C. § 1101(a)(15)(U). In order

to qualify, DHS must determine that: (1) the petitioner "suffered substantial physical or mental abuse as a result of having been a victim of criminal activity," (2) the petitioner "possesses information concerning [the] criminal activity," (3) the petitioner has been, is, or is likely to be helpful to government officials regarding the criminal activity, and, (4) the criminal activity at issue occurred in or violated the laws of the United States. 8 U.S.C. § 1101(a)(15)(U)(i)(I-IV); *Calderon-Ramirez v. McCament*, 877 F.3d 272, 274 (7th Cir. 2017). Further, the petition submitted to USCIS must contain "certification from a Federal, State, or local law enforcement official, prosecutor, judge, or other Federal, State, or local authority investigating criminal activity…" *See* 8 U.S.C. § 1184(p)(1). Acquiring a U-Visa enables the noncitizen victim and qualifying family members to receive temporary immigration benefits, including employment authorization documents ("EADs") pursuant to 8 U.S.C. § 1184(p)(3)(B).[1]

Congress, however, limited the number of U-Visas that can be awarded to 10,000 per fiscal year. 8 U.S.C. § 1184(p)(2). Individuals who are not granted a U-Visa due solely to the 10,000-visa cap, are placed on a waiting list. 8 C.F.R. § 214.14(d)(2). Petitioners on the waiting list receive final adjudication for their U-Visas in future years in accordance with the statutory cap, with the oldest petitions receiving priority.[2] While a petitioner is on the waiting list, "USCIS will grant deferred action or parole" to such petitioner and "in its discretion, may authorize employment" for such petitioner. 8 C.F.R. § 214.14(d)(2).

Separately, since June of 2021, the Secretary of Homeland Security "may grant work authorization to any alien who has a pending, *bona fide* [U-Visa petition]" via a two-step process. 8

---

[1] U.S. Citizenship & Immigr. Servs., *Victims of Criminal Activity: U Nonimmigrant Status*, https://www.uscis.gov/humanitarian/victims-of-criminal-activity-u-nonimmigrant-status.
[2] U.S. Citizenship & Immigr. Servs., Policy Manual, Vol. 3, Part C, Ch. 7, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-7.

U.S.C. § 1184(p)(6). [3] At step one, DHS makes a "*Bona Fide* Determination" (BFD) regarding the petitioner's U-Visa status. USCIS Policy Manual Ch. 5. At step two, DHS then assesses "whether the petitioner poses a risk to national security or public safety and otherwise merits a favorable exercise of discretion." *Id.* If DHS makes a favorable determination at this second step, then it will provide the petitioner EAD and deferred action. *Id.*

## I. Factual Background

Maria is a native and citizen of Mexico who was a victim of the qualifying crime of sexual assault and abusive sexual contact by her gynecologist, Dr. Fabio Ortega. Maria obtained law enforcement certification from the Cook County State's Attorney stating she was the victim of a qualifying crime and that she cooperated with law enforcement. On or about August 19, 2024, Maria filed a U-Visa petition and included her husband, Paulo, as a derivative on her application.

Since the submission of their U-Visa petition, Plaintiffs have inquired "multiple times" regarding the status of the petition and their applications for work authorization. To date, USCIS has not made a decision on their U-Visa petition, Plaintiffs have received no communication regarding final adjudication of the petition or BFD, nor have they been instructed to provide any further documentation to USCIS. In their Complaint, Plaintiffs alleges that Defendants have willfully and unreasonably delayed and have refused to adjudicate their petitions, place Plaintiffs on the waiting list, or issue BFDs. (Dkt 1 at *8.) They also argue the delay is unreasonable in light of Maria's status as a crime victim. (*Id.*) As such, Plaintiffs as the Court to Compel the Defendants to perform their duty or duties to determine Plaintiffs' eligibility for a U-Visa waitlist determination ("WLD"), or alternatively compel the Defendants to determine Plaintiffs' eligibility by making a BFD. (*Id.* at *9)

---

[3] U.S. Citizenship & Immigr. Servs., Policy Manual, Volume 3, Part C, Chapter 5 – Bona Fide Determination Process, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5. (hereinafter "USCIS Policy Manual Ch.5")

**LEGAL STANDARDS**

### A. Rule 12(b)(1) Motion

A Rule 12(b)(1) motion challenges federal jurisdiction, and the complaining party bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing to seek relief. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021); *International Union of Operating Eng'rs v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020). Under Rule 12(b)(1), the Court accepts all well-pled factual allegations as true and construes all reasonable inferences in the plaintiff's favor when a defendant has facially attacked standing. *Prairie Rivers Network v. Dynegy Midwest Generation*, LLC, 2 F.4th 1002, 1007 (7th Cir. 2021).

### B. Rule 12(b)(6) Motion

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, a court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**DISCUSSION**

In their Motion, Defendants argue the Court should Dismiss Plaintiffs' Complaint for four reasons: first, because this Court lacks jurisdiction over Plaintiffs' APA claim for work authorization because the jurisdiction-stripping provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(B)(ii), precludes judicial review; second, because any alternative argument by plaintiffs for a WLD would be unripe; third, because USCIS's pace of adjudication for the U-Visa petition is not

4

unreasonable as a matter of law; and fourth, because Plaintiffs' mandamus claims are not viable. *See* (Dkt. 14 at *1-2.) The Court addresses each of these arguments in turn.

## I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

### A. APA Claims for Adjudication of Work Authorizations and Unreasonable Delay

The jurisdiction-stripping provision of the INA provides that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security [that is specified] under this subchapter to be in the[ir] discretion." 8 U.S.C. § 1252(a)(2)(B)(ii). The statute authorizing U-Visa BFDs and EADs, 8 U.S.C. § 1184(p)(6), falls within this subchapter; *see Kucana* v. *Holder*, 558 U.S. 233, 239 n.3 (2010). Section 1184(p)(6) specifically provides that "[t]he Secretary [of Homeland Security] may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." § 1184(p)(6). The Supreme Court has " 'repeatedly observed' that 'the word 'may' clearly connotes discretion.' " B*iden v. Texas*, 597 U.S. 785, 787 (2022) (emphasis in original) (quoting *Opati v. Republic of Sudan*, 590 U.S. 418, 419 (2020)).

Defendants argue because Plaintiffs claims of unreasonable delay regarding both their BFD and EAD applications, are discretionary, § 1252(a)(2)(B)(ii)'s jurisdictional bar applies. (Dkt. 14 at *6.) As such, Defendant argues, Plaintiffs have "no jurisdictional basis to institute in this Court a mandamus action to speed up the pace at which the USCIS approves their [employment authorization] renewal applications." (*Id.* at *6-7.) (quoting *Chaganti v. Chertoff*, No. 08 C 5768, 2008 WL 4663153, at *2 (N.D. Ill. Oct. 16, 2008) (Norgle, J.)). Defendants next argue, because this jurisdictional shield applies to a predicate step in the U-Visa adjudication process, it applies just the same to the later steps in that process. (Dkt. 14 at *8.) (*citing Lobatos v. Noem*, 25 C 01223, 2025 WL 1651220, at *5 (N.D. Ill. June 11, 2025) (Kendall, J.)). Finally, Defendants assert that USCIS's decision-making on how to allocate agency resources, when to process these applications, and in which order, are on their face,

discretionary actions and predicate, factual determinations to which § 1252(a)(2)(B)(ii)'s jurisdictional bar applies. (Dkt. 22 at *1.)

In response, Plaintiffs argue that their Petition properly outlines the Court's jurisdiction pursuant to both the Mandamus Act and the APA. (Dkt. 21 at *2.) Plaintiff emphasizes the applicable statute and regulations "make clear that USCIS has a duty to adjudicate the petition for U nonimmigrant status process." (*Id.* at *3.) Specifically, Plaintiffs rely on Sixth Circuit authority to argue that section 1252(a)(2)(B)(ii) does not explicitly prohibit federal courts from reviewing USCIS's refusal to adjudicate work-authorization applications submitted by persons seeking U-Visas. (Dkt. 21 at *3.) (citing *Garcia v. U.S. Dep't of Homeland Sec.*, 14 F.4th 462, 478 (6th Cir. 2021)). In *Garcia*, the court explained while § 1184(p)(6) states that "[t]he [DHS] Secretary may grant work authorization to any [noncitizen] who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." 8 U.S.C. § 1184(p)(6), the statute first requires the DHS Secretary to decide if an application is "pending" and "bona fide" before the agency can wield its discretion to grant an applicant work authorization. *Id.* at 477-48. Plaintiffs, relying on *Garcia*, conclude that §1252 does not clearly and convincingly evince Congress's intent to prohibit federal courts from reviewing DHS' refusal to adjudicate a BFD or WLD in a reasonable period of time. (Dkt. 21 at *6.)

While Plaintiff seeks to rely on the Sixth Circuit's interpretation of § 1252(a)(2)(B)(ii) in *Garcia*, Plaintiff's legal theory for why the Court has jurisdiction to hear this case is in tension with how the Supreme Court more recently interpreted § 1252(a)(2)(B) in both *Patel v. Garland*, 596 U.S. 328 (2022) and *Bouarfa v. Mayorkas*, 604 U.S. 6 (2024) (holding, respectively, that federal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under § 1252(a)(2)(B)(i), and that § 1252(a)(2)(B)(ii) strips federal courts of jurisdiction to review the relevant discretionary agency decisions). Plaintiff's interpretation also conflicts with the Seventh Circuit's interpretation of § 1252(a)(2)(B). *See Britkovyy v. Mayorkas*, 60 F.4th 1024, 1028 (7th Cir. 2023) (applying *Patel*'s holding

to underlying legal issues and decision-making). Furthermore, the overwhelming weight of recent case law in this very District explicitly disagrees with Plaintiff's interpretation. *See Patel v. Noem*, 788 F. Supp. 3d 950, 955-56 (N.D. Ill. 2025) (Bucklo, J.) (disagreeing with *Garcia* and holding that because a determination of whether a petition is "bona fide" is discretionary, the decision to delay adjudicating a BFD is discretionary too); *Ahir v. Noem*, 25-CV-00470, 2025 WL 2522642, at *3 (N.D. Ill. Sept. 2, 2025) (Rowland, J.) (holding Section 1252(a)(2)(B)(ii) precludes judicial review of discretionary decisions regarding U visa and EADs); *Vasant Patel v. Noem*, No. 24 C 12143, 2025 WL 1489204, at *2 (N.D. Ill. May 23, 2025) (Alonso, J.) ("[b]ecause the decision to grant an EAD is at USCIS's discretion, the decision to delay adjudicating an EAD application likewise is discretionary and barred by § 1252(a)(2)(B)(ii)."); *also see Lobatos v. Noem*, 25 C 01223, 2025 WL 1651220, at *5 (N.D. Ill. June 11, 2025) (Kendall, J.) (underscoring the discretionary nature of the BFD Process and stating that the *Patel* Court evinced sufficiently clear congressional intent to overcome the presumption of judicial review of the BFD process in accordance with the jurisdictional bar of § 1252(a)(2)(B)(ii)).

Based on the Supreme Court's unambiguous determinations in both *Patel v. Garland* and *Bouarfa v. Mayorkas*, as well as the weight of authority in this Circuit, the Court determines § 1252(a)(2)(B)(ii)'s jurisdictional bar applies to Plaintiff's claims of unreasonable delay regarding both their EAD and BFD applications, since such determinations are discretionary. It is no matter that the BFD determination is a predicate step to the EAD decision, since both determinations are discretionary under § 1184(p)(6). As such, the jurisdictional bar extends to both the ultimate determinations and the pace of adjudication leading to them. *Garcia v. U.S. Citizenship & Immigr. Servs.*, 760 F. Supp. 3d 671, 673 (N.D. Ill. 2024) (Alexakis, J.). Accordingly, since the Court lacks jurisdiction over Plaintiff' BFD and EAD claims, it grant's Defendants' Motion to Dismiss. Additionally, based on this determination, the Court need not consider the merits of Plaintiff's "unreasonable delay" claims under the APA.

7

### B. Alternative Waitlist Determination Claims (WLD)

Defendants next argue that the Court should dismiss Plaintiffs' claim requesting a waiting list determination because it is unripe. (Dkt. 14 at *9). A "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or that may not occur at all." *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1079 (7th Cir. 2016). An injury in fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S. 167, 180, 1 (2000). As the Seventh Circuit has put it, "to establish injury in fact when seeking prospective injunctive relief, a plaintiff must allege a 'real and immediate' threat of future violations of their rights." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013).

In their Motion, Defendants argue that any claim concerning an undue delay in resolving a WLD is not yet ripe because it assumes that Plaintiffs will be denied through the BFD process. (Dkt. 14 at *10). Since the antecedent BFD has not yet been made as to the Plaintiffs, any assumption that Plaintiff will become eligible for a WLD, yet alone suffer any delay in receiving a WLD, is speculative. *Id.* Defendants conclude, because Plaintiffs are not eligible for a WLD at this time, and indeed may never be, any unreasonable -delay claim concerning a WLD is not yet ripe, and should be dismissed for lack of jurisdiction. *Id.*

Plaintiffs, in response, fail to address Defendants' arguments regarding the ripeness of their claims, but merely reiterate that their complaint "properly states a claim for relief regarding USCIS's unreasonable delay in adjudicating Plaintiffs' [] waitlist determinations for their U-[V]isa[s]. *See* (Dkt. 21 at *7.) Without needing to take into account Plaintiffs' potential waiver of any argument in opposition, the Court agrees with Defendants that any claim regarding unreasonable delay for a WLD is not yet ripe. Without the antecedent BFD, Plaintiffs claims seeking to compel Defendants to issue WLDs is speculative and prematurely assumes Plaintiffs will even become eligible for such a

determination. Since Plaintiff's WLD claims rests upon contingent future events that may not occur, the Court dismisses those claims, without prejudice.

## I. Motion to Dismiss for Failure to State a Claim

### A. Mandamus Claim

Finally, in their Motion, Defendants argue Plaintiffs' mandamus claims fail because they do not have a clear right, nor does USCIS have a duty, to adjudicate a U-Visa application within any certain timeframe. (Dkt. 14 at *13.) District courts have jurisdiction to issue a writ of mandamus to compel an agency to perform a duty owed to a plaintiff if the plaintiff can demonstrate (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Calderon-Ramirez*, 877 F.3d at 275. As the Seventh Circuit explained in *Calderon-Ramirez*, mandamus is inappropriate absent facts differentiating a plaintiff's situation from that of other visa petitioners with longer delays. *Id.* In the present instance, where Plaintiffs filed the present action after only eleven months of waiting and where Plaintiffs provided no facts to contextualize their position in line relative to other petitioners waiting for their claims, the Court sees no reason to grant mandamus relief. *See id.* (denying the same after eighteen months); *also see Ebrahimi v. Blinken*, 732 F. Supp. 3d 894, 911 (N.D. Ill. 2024) (Lefkow, J.)(canvassing cases and failing to unearth "any decision by any court" concluding that a visa adjudication taking fewer than two years amounts to an unreasonable delay). The Court additionally dismisses this claim without prejudice, however, recognizing that further delay could become unreasonable and that Plaintiffs could become aware of facts differentiating their situation from that of other visa petitioners with longer delays.

## CONCLUSION

For these reasons, Defendants' Motion to Dismiss Plaintiffs' Petition for Writ of Mandamus, Declaratory Judgment, and Other Relief [13] is granted.

**IT IS SO ORDERED.**

Date: 6/26/2026

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge